IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HEATHER HONEY BOUYER,       )
                                    )
        Plaintiff,          )
                                    )
     v.                   )     CIVIL ACTION NO. 1:12-cv-405-CSC
                                    )            (WO)
CAROLYN W. COLVIN,         )
Acting Commissioner of Social Security,[1]  )
                                    )
        Defendant.      )

## MEMORANDUM OPINION

### I. Introduction

On July 10, 2008, the plaintiff, Heather Honey Bouyer, protectively filed a Title II application for a period of disability and disability benefits and a title XVI application for supplemental security income.  (R. 122, 140).  In both applications, Bouyer alleged a disability beginning on January 29, 2008.  (R. 122, 140).   After the claims were initially denied, Bouyer requested and, on April 13, 2010, received a hearing before an administrative law judge ("ALJ").  (R. 36).  Following the hearing, ALJ D. Burgess Stalley denied the claim on April 28, 2010.  (R. 31).  On March 29, 2012, the Appeals Council rejected a subsequent request for review.  (R. 1).   The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[2]  *See  Chester v. Bowen*, 792 F.2d

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

[2]Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C.

§§ 405 (g) and 1383(c)(3). Pursuant to 28 U.S.C. § 636(c), the parties have consented to

entry of final judgment by the United States Magistrate Judge. Based on the court's review

of the record in this case and the briefs of the parties, the court concludes that the decision

of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A) a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months . . .

To make this determination[3] the Commissioner employs a five-step, sequential

evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1)  Is the claimant presently unemployed?
> (2)  Is the claimant's impairment severe?
> (3)  Does the claimant's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the claimant unable to perform his or her former occupation?
> (5)  Is the claimant unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability. A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled."

---

[3]A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological
abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); 42 U.S.C. § 405(g).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A.  Introduction.**  Bouyer was born on May 29, 1973, and was 36 years old at the time of the administrative hearing in this case.  (R. 41, 140).  She has a GED.  (R. 158).  Her past employment history includes work as a retail store manager, cashier, and receptionist.

---

[4]*McDaniel v. Bowen,* 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  *See Sullivan v. Zebley*, 493 U.S. 521, 525 n.3 (1990). Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Sullivan*, 493 U.S. at 525 n.3; *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

3

(R. 48).  In January 2008, her employment as a retail manager for a movie rental store was terminated when the store closed.  (R. 40-41, 181).  At the hearing before the ALJ, Bouyer testified that her subsequent job search was cut short when she contracted influenza and "never got over the flu.  That's when I started – that's when I found out I was sick."  (R. 42). She alleges that she is disabled due to fibromyalgia syndrome, sleep apnea, and depression. (R. 42, 45).

**B.**     **The Findings of the ALJ**

The ALJ found that Bouyer has the following severe impairments: fibromyalgia syndrome and sleep apnea.  (R. 24).  The ALJ concluded that Bouyer did not suffer from depression.  (R. 24, 29).

The ALJ concluded that Bouyer did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. 25).  The ALJ determined that Bouyer had the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c).  (R. 25).  The ALJ found that Bouyer did have the residual functional capacity to perform her past relevant work, and that other jobs exist in the national economy that Bouyer is also able to perform (R. 29-30).  Therefore, the ALJ concluded that Bouyer was not disabled.  (R. 25).

**C.  Bouyer's Claims.**

Bouyer presents the following issues for review:

4

1.      Whether the ALJ failed to follow the "slight abnormality" standard in finding that her depression is not a severe impairment;

2.      Whether the ALJ erred in failing to analyze the severity of Bouyer's depression in accordance with the psychiatric review technique specified in 20 C.F.R. § 404.1520a(a);

3.      Whether the ALJ failed to adequately consider the severity of Bouyer's fibromyalgia; and

4.      Whether the ALJ erred by failing to apply the three-part pain standard for adjudicating claims of disability based on subjective complaints of pain.

(R. 3, 4).

## IV.  Discussion

**A.      Substantial evidence supports the ALJ's conclusion that Bouyer does not have a severe impairment of depression.**

Bouyer argues that the ALJ erred at step two of the sequential evaluation process by failing to find that she has a "severe" impairment of depression.  Bouyer argues that her depression is "severe" because, she contends, it has more than a minimal effect her ability to do basic work activities.  *See McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) ("An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.").

However, for a claimant's impairment to be considered severe, the claimant must first demonstrate that she suffers from the impairment.  *See id*. at 1031 ("'If you do not have any impairment or combination of impairments which significantly limits your physical or mental

5

ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.'" (quoting 20 C.F.R. § 416.920(c))). A mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings. *See* 20 CFR § § 404.1508 ("Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms"); 20 CFR§  416.908 (same).

At step two of the analytical process, the ALJ considered the medical evidence and compared the opinion of Bouyer's treating physician, Dr. Menghani (R. 319-326; 347; 350-54), with the competing opinion of a consulting examining psychologist, Dr. Jacobs (R. 264-66). On the basis of Dr. Jacobs's opinion and analysis, the ALJ concluded that Bouyer did not have depression and that her symptoms were attributable to her severe impairments of sleep apnea and fibromyalgia. Specifically, the ALJ stated:

> The claimant also alleges a history of depression. However, as shown below, Dr. Jacobs stated that the claimant did not endorse a full range of symptoms for depression. She did endorse some symptoms that might be due to depression, but his assessment was confounded by the fact that she might well suffer from a sleep disorder that would account for some symptoms and the fibromyalgia might account for other symptoms such as fatigue. Dr. Jacobs did not find a basis for an axis I diagnosis. Although Dr. Meghani gave the claimant diagnosis for major depressive disorder, the mental status exams were normal. Furthermore, after taking medication, her mood improved and her main complaints were pain secondary to fibromyalgia. More weight is given to Dr. Jacobs who felt that some of her symptoms would be accorded to her fibromyalgia.

(R. 24).

Bouyer does not challenge the weight given by the ALJ to Dr. Jacobs's opinion, or the ALJ's conclusion, based on Dr. Jacobs's opinion, that Bouyer's symptoms are not attributable to depression. (R. 24; R. 29). Accordingly, the court concludes that substantial evidence supports the ALJ's conclusion that Bouyer does not have a mental impairment of depression. *See McDaniel*, 800 F.2d at 1031 ("Unless the claimant can prove, as early as step two, that she is suffering from a severe impairment, she will be denied disability benefits." (emphasis added)).

**B.     The ALJ did not err at step three of the sequential evaluation process by failing to analyze the severity of Bouyer's depression in accordance with the psychiatric review technique specified in 20 C.F.R. § 404.1520a.**

Bouyer argues that the ALJ erred by failing to analyze the severity of her depression in accordance with the psychiatric review technique set forth in 20 C.F.R. § 404.1520a for "evaluating the severity of mental impairments . . . when Part A of the listing of Impairments is used." 20 § 404.1520a (a). One of the last steps of this technique requires the ALJ to rate the claimant's degree of limitation on a four-point scale indicating the extent to which the claimant's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a–(c)(3–4). Bouyer argues that the ALJ erred as a matter of law by not reaching this step of the psychiatric review technique or incorporating it into her analysis of the severity of her depression. *See Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005)

("[W]here a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a [psychiatric review technique form] and append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand."); 20 CFR § 404.1520a(e) ("At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the [psychiatric review] technique.").

However, "[u]nder the special [psychiatric review] technique, [the ALJ] must *first* evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings *to determine whether [the claimant has] a medically determinable mental impairment(s)*."  20 C.F.R. § 404.1520a(b)(1) (emphasis added).  *Only* "[i]f [the ALJ] determines that [the claimant has] a medically determinable mental impairment" does the ALJ proceed to the next steps of the psychiatric review technique, including the step in which the ALJ rates the claimant's degree of limitation in four functional areas.  20 C.F.R. § 404.1520a(b)(1)-(2).

As explained in Part IV.A. of this opinion, the ALJ evaluated Bouyer's pertinent symptoms, signs, and laboratory findings, and determined that Bouyer did not have a medically determinable mental impairment of depression.[5]  Thus, the ALJ *did* incorporate the necessary first step of the psychiatric review technique into the opinion. The regulations

---

[5]As noted in Part IV.A. of this opinion, Bouyer has not challenged the ALJ's decision to give greater the Dr. Jacobs's opinion than to Dr. Menghani's opinion.  Bouyer does not challenge the ALJ's conclusion, based on Dr. Jacobs's opinion, that she does not suffer from a medically determinable impairment of depression and that her signs and symptoms are attributable to other impairments.

did not require the ALJ to proceed further by completing a psychiatric review technique form and append it to the decision, or incorporate further steps of the technique into the opinion. 20 C.F.R. § 404.1520a(b) ("[W]e must first evaluate your pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable mental impairment(s). . . . *If* we determine that you have a medically determinable mental impairment(s), we must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document our findings . . . . We must *then* rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c) of this section and record our findings as set out in paragraph (e) of this section." (emphasis added)).

C.   **The ALJ did not err by failing to adequately consider the severity of Bouyer's fibromyalgia or by failing to apply the three-part pain standard for adjudicating claims of disability based on subjective complaints of pain.**

Bouyer argues that "the ALJ failed to make any specific findings regarding . . . Bouyer's pain or any other typical fibromyalgia symptoms or include any accommodating limitations in her RFC."  (Doc. 12 p. 8).  *See*  See 20 C.F.R. 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware . . . when we assess your residual functional capacity."); *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) ("[T]he ALJ must pose a hypothetical question [to the vocational expert] which comprises all of the claimant's impairments.").

Bouyer also argues that the ALJ failed to apply the required legal standard in

analyzing her subjective testimony of the limiting effects of pain associated with fibromyalgia. To establish a disability based on complaints of pain and other subjective conditions, "the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson*, 284 F.3d 1219, 1225 (11th Cir.2002); see also *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir.1991). If the ALJ decides not to credit such testimony, the ALJ "must discredit it explicitly . . . and articulate explicit and adequate reasons for doing so." *Id.* (citations omitted).

The problem with these arguments is that the ALJ *did* make specific findings regarding Bouyer's pain and other typical fibromyalgia symptoms, and the ALJ articulated specific reasons for discounting Bouyer's testimony about the extent of her functional limitations caused by pain and fibromyalgia. (R. 26 "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity

assessment."). Specifically, after considering the medical record, Bouyer's testimony, Bouyer's activities of daily living, and Bouyer's non-compliance with physical and occupational therapy[6] and medications (R. 26-29), the ALJ concluded:

> While the medical records do indicate that the claimant may indeed experience some fatigue and symptoms related to fibromyalgia, there are indications that if the claimant were compliant with medications and treatment, she would not be precluded from performing at least medium work activity as related earlier in this finding.

In evaluating the credibility of a claimant's subjective testimony of pain, the ALJ is required to consider the medical record, the claimant's testimony, the claimant's non-compliance with treatment, and evidence of the claimant's activities of daily living. *See* 20 CFR § 416.929 (explaining the factors considered evaluating the extent to which pain limits a claimant's capacity to work (including factors such as "objective medical evidence" and "information that [the claimant, the claimant's] treating or nontreating source, or other persons provide about [the claimant's] pain or other symptoms (e.g., what may precipitate or aggravate . . . symptoms, what medications, treatments or other methods [the claimant] use[s] to alleviate them, and how the symptoms may affect [the claimant's] pattern of daily

---

[6]As the ALJ noted in his opinion, Bouyer underwent initial physical and occupational therapy evaluations for her fibromyalgia in fall 2008. (R. 27; R. 313-14; R. 315-16). These evaluations indicated that physical and occupational therapy would likely increase Bouyer's strength, endurance, pain control, functional activity, and independence with activities of daily living. (R. 27; 314, 316 ("Prognosis is good and with an appropriate regime of skilled physical therapy, and adherence to a home exercise program, patient should return to a functional level although her diagnosis of fibromyalgia could be problematic in progressing as expected. . . . Patient would benefit from a regime of skilled physical therapy . . . in order to resolve the above mentioned impairments/ functional limitations/disabilities."). However, as the ALJ also noted, Bouyer was not compliant with physical and occupational therapy. (R. 27, 29; R. 361-63). Discharge summaries from both physical and occupational therapy indicated that goals of therapy had not been met due to noncompliance and lack of attendance at therapy sessions. (R 361, 363).

living")); 20 C.F.R. § 404.1529 (same); *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (holding

that "'refusal to follow prescribed medical treatment without a good reason will preclude a

finding of disability'" (quoting *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir.1988)).

      Bouyer has not presented any argument calling into question the ALJ's consideration

of any of these factors.  Accordingly, the court concludes that the ALJ's evaluation of the

credibility of Bouyer's subjective pain testimony and the limiting effects of her fibromyalgia

are supported by substantial evidence and free of legal error.

### V. Conclusion

      For the reasons as stated, the court concludes that the decision of the Commissioner

denying benefits to Bouyer should be affirmed.  *See  Landry v. Heckler*, 782 F.2d 1551,

1551-52 (11th Cir. 1986) ("Because the factual findings made by the [ALJ] . . . are supported

by substantial evidence in the record and because these findings do not entitle [the claimant]

to disability benefits under the appropriate legal standard, we affirm.").

      The Court will enter a separate final judgment.

      Done this 11th day of June, 2013.


              /s/Charles S. Coody
              CHARLES S. COODY
              UNITED STATES MAGISTRATE JUDGE